## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

CALVIN JAMES,                           )
                                        )
                Plaintiff,              )
                                        )
v.                                      )               CV420-189
                                        )
BOBBY CHRISTINE                         )
                                        )
                                        )
                Defendants.             )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se*, filed this 42 U.S.C. § 1983 lawsuit while

housed at the Federal Correctional Complex in Coleman, Florida.  *See*

doc. 1 at 2.  He has failed to pay the filing fee or complete the process for

filing *in forma pauperis* (IFP).  *See* doc. 3 (Notice of Filing Fee Deficiency).

Plaintiff is well known to this Court and has filed numerous frivolous

cases, often doing what he has done here: failing to return IFP forms or

pay his filing fees in violation of court order despite being repeatedly

warned of the repercussions for failure to comply.  *See James v. Chatham*

*County Superior Court*, CV420-169, doc. 4 at 5-6 (describing Plaintiff's

repeated failure to comply with Court orders and willingness to abuse the

courts after filing at least twenty-four cases and not complying with IFP

procedures in those cases), *adopted* doc. 7 (S.D. Ga. Dec. 23, 2020); *see also James v. City of Savannah*, CV421-296, doc. 5 (S.D. Ga. June 21, 2022) (noting Plaintiff's Complaint was subject to dismissal for his failure to pay the filing fee or otherwise respond to the Clerk's deficiency notice); *James v. Chatham County Jail*, CV421-284, doc. 5 (S.D. Ga. June 21, 2022) (dismissing James' Complaint); *James v. United States District Court*, CV419-031, doc. 14 (S.D. Ga. May 6, 2019) (dismissing James' case because he has "continually refused to supply this Court with the information it needs to assess an appropriate initial filing fee and has never provided this Court with a certified copy of his trust fund account statement."); *James v. U.S. Marshals*, CV419-287, doc. 21 (S.D. Ga. Oct. 13, 2021) (appeal rejected for failure to file consent form); *James v. Christine*, CV418-293, doc. 6 (S.D. Ga. March 4, 2019) (dismissing Complaint for failure to comply with a Court order); *James v. Christine*, CV418-306, doc. 6 (S.D. Ga. May 17, 2019) (dismissing Complaint for failure to comply with a Court order); *James v. Gammon*, CV418-307, doc. 7 (S.D. Ga. May 31, 2019) (dismissing Complaint for failure to comply with a Court order, while noting James' "clear intent not to appropriately litigate his case."). Moreover, even though Plaintiff has been able to

avoid many merits-based dismissals due to his noncompliance with the rules requiring payment of fees, he has, by date of this order, accumulated three strikes and will be limited by 28 U.S.C. § 1915(g) from filing frivolous claims in the future.[1]  *See James v. Moore*, CV421-327, doc. 4 (S.D. Ga. July 13, 2022).

Plaintiff filed this Complaint on August 18, 2020, doc. 1, and was notified of his filing deficiency by the Clerk on that same day, doc. 3.  He never responded to the Clerk's deficiency notice and has still not paid the filing fee or filed a motion to proceed IFP.  *See generally* docket.  Plaintiff's failure to comply with the clerk's deficiency notice mandates dismissal of this claim.  This Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness."  S.D. Ga. L.R. 41.1(b), (c); *see also* Fed. R. Civ. P. 41(b) (mandating involuntary dismissal of a complaint either for failure to prosecute or for failure to comply with an order of the court).  Additionally, a district court retains the inherent power to police its

---

[1] The present case predates the three strikes determination and the filing restriction order.  Thus, the below recommendation does not rely upon this rationale for dismissal.

docket and to enforce its orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dep't*, 2006 WL 3307444, *1 (11th Cir. 2006).

Although this case is due for dismissal based on Plaintiff's failure to prosecute, it is also meritless and repetitive of other cases he previously filed. He wishes to "raise . . . charges against [former United States Attorney] Bobby Christine of obstruction of public administration" under Georgia law. Doc. 1 at 1. Section 1983 does not create a private right of action to press charges against any individual. *See* 42 U.S.C. § 1983 (allowing *civil* actions for deprivation of rights). Indeed, Plaintiff does not have a constitutional right to have criminal proceedings commenced against any defendant. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (affirming dismissal of complaint seeking

investigation and prosecution of former state attorney). Finally, Defendant is entitled to prosecutorial immunity regarding any claims related to acts taken within the scope of his prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 422–24, 423 n.20, 430 (1976) (judges and prosecutors entitled to immunity from claims for civil damages for acts taken within the scope of their judicial or prosecutorial functions). Thus, any leave to amend would be futile. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (A district court need not grant leave to amend where even "a more carefully drafted complaint could not state a claim."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

## CONCLUSION

For all the foregoing reasons, it is **RECOMMENDED** that plaintiff's action be **DISMISSED** in its entirety. This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written

objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED,** this 17th day of November, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA